**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| PAULINO AYALA ARREDONDO,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No. 5:26-cv-01656-AYP<br><br>**ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS** |

I.    **SUMMARY**

Petitioner, Paulino Ayala Arredondo, proceeding pro se, is a native and citizen of Mexico, currently detained in the Adelanto ICE Processing Center, California. (Dkt. No. 1.) He entered the United States without inspection by an immigration officer near Mexicali in 2000. *Id.* at 9. April 23, 2015, Petitioner was encountered by Immigration and Customs Enforcement ("ICE")/ Enforcement and Removal Operations ("ERO") in Santa Barbara and was served an I-862, Notice to Appear ("NTA"). *Id.* at 20. Petitioner was released from ICE detention and place in the Alternative to Detention ("ATD")

program on November 2, 2015, after posting bond. *Id.* Petitioner reported to ICE/ERO as required. *Id.*

On August 23, 2023, an immigration judge ("IJ") issued an *in-absentia* order. *Id.* at 20. However, due to "litigation involving the case *Signgh vs Mayorcas* [sic] a new NTA was issued, and a new master hearing has been scheduled for June 3, 2026." *Id.* On January 19, 2026, ICE/ERO encountered Petitioner and due to alleged violations of conditions of release, detained Petitioner pending his master hearing. *Id.*

On April 3, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to release him from immigration detention under the same pre-detention conditions of supervision, and injunctive relief to permanently enjoin Respondents from re-detaining Petitioner "unless and until they obtain valid travel documents and strictly adhere to the procedural safeguards in 8 C.F.R. §§ 241.1 and 241.3 34-35, 130-131." (Dkt. No. 1 at 14–23.) Petitioner argues his re-detention without individualized notice of changed circumstance or meaningful opportunity to be heard violates *Zadvydas* and the Fifth Amendment Due Process clause. *Id.* at 17, 18.

In their Answer, Respondents concede that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz,* No. 5:25-CV-01873-SSS-BFM," and that "at most," Petitioner is entitled to a bond hearing before an Immigration Judge under Section 1226(a). (Dkt. No. 8 at 2.) Respondents do not provide a response to Petitioner's Due Process claim. In light of Respondents' response, and for the

reasons set forth below, the Court finds that Petitioner is entitled to greater relief: release under the Due Process Clause.

## II.    FACTUAL BACKGROUND

Petitioner, Paulino Ayala Arredondo, is a native and citizen of Mexico, currently detained in the Adelanto ICE Processing Center, California. (Dkt. No. 1.) He entered the United States without inspection by an immigration officer near Mexicali in 2000. *Id.* at 9. On August 19, 2013, Petitioner was convicted for a violation of Health and Safety Code ("HS") 11550(a) for use under the influence of controlled substance and sentenced to 90 days in jail. *Id* at 20. On January 29, 2014, Petitioner was convicted for violation of HS 11550(a) under the influence of a controlled substance and sentenced to 90 days in jail. *Id.* On April 17, 2015, Petitioner was convicted for violation of Penal Code 270 and was sentenced to 30 days in jail. *Id.* On April 23, 2015, Petitioner was encountered by Immigration and Customs Enforcement ("ICE")/ Enforcement and Removal Operations ("ERO") in Santa Barbara and was served an I-862, Notice to Appear ("NTA"). *Id.* at 20. That same day, ICE arrested and detained him in Adelanto ICE processing Center. *Id.* at 9. Petitioner was released from ICE detention and placed in the Alternative to Detention ("ATD") program on November 2, 2015, after posting bond. *Id.* Petitioner reported to ICE/ERO as required. *Id.*

On August 23, 2023, an immigration judge ("IJ") issued an *in-absentia* order. *Id.* at 20. However, due to "litigation involving the case *Signgh vs Mayorcas* [sic] a new NTA was issued, and a new master hearing has been

3

scheduled for June 3, 2026." *Id*. Petitioner's master hearing is now scheduled for June 24, 2026.[1] He does not have a final order of removal.

On January 19, 2026, Petitioner was on his way to work on his bicycle when he was surrounded by six masked officers. *Id*. at 9. ICE/ERO handcuffed Petitioner and removed his wallet containing his California drivers license, photo ID from the Mexican embassy and a photo ID provided by ICE in 2015 to use when reporting to ISAP officers. *Id*. ICE was attempting to arrest another person named "Martinez," but stopped and arrested Petitioner because he matched the physical description of the intended person. *Id*. at 19. ICE conducted a field interview with Petitioner to establish his identity and alienage. *Id*. ICE arrested Petitioner due to alleged violations of conditions of release and transported him to Adelanto ICE processing Center. *Id*. at 20. ICE/ERO intends to keep Petitioner detained pending his master hearing. *Id*.

On April 3, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to release him from immigration detention under the same pre-detention conditions of supervision, and injunctive relief to permanently enjoin Respondents from re-detaining Petitioner "unless and until they obtain valid travel documents and strictly adhere to the procedural safeguards in 8 C.F.R. §§ 241.1 and 241.3 34-35, 130-131." (Dkt. No. 1 at 14–23.) Petitioner argues his re-detention without individualized notice of changed circumstance or meaningful opportunity to be

---

[1] The Court "may take judicial notice on its own" and "at any stage of the proceeding." Fed. R. Evid. 201. This Court may take judicial notice of "court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). *See U.S. ex rel. Robinson Rancheria Citizens Council v. Bornea, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (finding courts "may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). The Court takes judicial notice of EOIR Automated Case Information for Petitioner. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited June 3, 2026).

heard violates *Zadvydas* and the Fifth Amendment Due Process clause. *Id*. at 17, 18.

In their Answer, Respondents concede that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*" and do not dispute Petitioner is entitled to a bond hearing. (Dkt. No. 8 at 2.) Respondents do not provide a response to Petitioner's Due Process claim. In light of Respondents' response, the Court finds that Petitioner has demonstrated that the Government violated his right to due process by re-detaining him without notice and an opportunity to be heard.

### III.   PROCEDURAL HISTORY

Petitioner filed the instant habeas petition on April 3, 2026. (Dkt. No. 1.) The Court, on April 7, 2026, entered the Notice of General Order 26-05 and Briefing Schedule, directing Respondents to show cause why the writ of habeas corpus should not be granted and thereby adopting the standard procedures and briefing schedule under the General Order. (Dkt. No. 4.) Respondents filed their Answer on April 9, 2026. (Dkt. No. 8.) Petitioner did not file a Reply. Petitioner consented to proceed before the Magistrate Judge. (Dkt. Nos. 12, 13, 14.) Thus, the matter is fully briefed.

### IV.   DISCUSSION

#### A. Petitioner Has Been Detained Pursuant to 8 U.S.C. § 1226(a) and is Entitled to a Bond Hearing.

Petitioner's entitlement to a pre-deprivation hearing is dependent on the authority under which he is detained. 8 U.S.C. § 1226 ("§ 1226") generally governs the arrest, detention, and release of noncitizens present in the United States pending removal proceedings. Under the "default rule" of § 1226(a), a

noncitizen may be either detained or released on bond or conditional parole pending a decision on whether they are to be removed. *Jennings v. Rodriguez*, 583 U.S. 281, 288, 306 (2018). Pursuant to federal regulations, an alien detained under this provision is entitled to seek a bond hearing before an immigration judge. 8 C.F.R. § 236.1(d)(1); *see Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")

Section 1231(a) governs the detention, release, and removal of noncitizens with a final order of removal. Under § 1231(a), a noncitizen with a final order of removal must be detained during the 90-day removal period. 8 U.S.C. § 1231(a)(1)(A), (2)(A). After the 90-day removal period, "the Government 'may' continue to detain a[] [noncitizen] who still remains here or release that [noncitizen] under supervision." *Zadvydas*, 533 U.S. at 683 (quoting 8 U.S.C. § 1231(a)(6)).

Where a Petitioner is *pro se*, the court has an obligation to construe the pleadings liberally and to afford the petitioner the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Although Petitioner argues a due process violation and seeks relief under § 1231(a) and *Zadvydas* for a final order of removal, Petitioner submits that he has a future master hearing indicating that Petitioner does not have a final order of removal. This is confirmed by his EOIR record which states that he has a master hearing set for June 24, 2026, and does not have a final order of removal. Moreover, Respondents agree that Petitioner is subject to "[s]ection 1226(a)." (Dkt. No. 8. At 3.)

Here, § 1231(a) does not apply to Petitioner's detention because he does not have a final order of removal. Hence, Petitioner's detention is governed by § 1226(a). *See Padilla-Ramirez v. Bible*, 882 F.3d 826, 830-31 (9th Cir. 2017)

("If [the removal order is administratively final], then [S]ection 1231(a) controls. If not, then [S]ection 1226(a) provides the only authority to detain him."); *see also Francois v. Warden of Otay Mesa Det. Ctr.*, No. 3:25-cv-03635-BTM-MMP, 2026 WL 146627, at *3 (S.D. Cal. Jan. 20, 2026) (rejecting a claim that the petitioner's detention violated § 1231(a)(6) where the petitioner was not subject to a final order of removal). Thus, the Court construes Petitioners claims liberally and finds that his claim of a due process violation under § 1231 is a due process violation under § 1226(a).

### B. Petitioner's Detention Violates Due Process.

Petitioner argues that his ongoing confinement violates due process. (Dkt. No. 1 at 13.) As an initial matter, the Court observes that Respondents did not respond to Petitioner's due process claim in their Answer. (Dkt. No. 8.) Accordingly, the Court construes Respondents' failure to address Petitioner's due process claim as a concession. *See* e.g., *Soleimani v. Larose*, No. 25-CV-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). In the interest of being thorough, the Court will still analyze the merits of Petitioner's Due Process claim.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Fifth Amendment provides that "[n]o person shall...be deprived of...liberty...without due process of law." U.S. Const. amend. V. That protection extends to all persons in the United States,

"including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Id.* at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Garro Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33(N.D. Cal. 2025) (collecting cases).

In *Morrissey v. Brewer*, the Supreme Court recognized that the decision to release a criminal defendant from custody on parole creates "at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions," generating a liberty interest that "is valuable and must be seen as within the protection of" due process. 408 U.S. 471, 482 (1972). District courts in this circuit consistently recognize that this principle extends to individuals subject to removal proceedings; "[j]ust as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen] have a liberty interest in remaining out of custody on bond." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019); *accord Garro Pinchi*, 792 F.Supp.3d at 1032–1033 (collecting cases for the proposition that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody").

The Court agrees with Petitioner that procedural due process principles prohibit the Government from re-detaining him without adequate pre-deprivation process or a material intervening change in circumstances. A growing body of decisions in this District and across the Ninth Circuit have found that immigration authorities violated or likely violated due process by

re-detaining noncitizens who had been released shortly after their entry to the United States without notice or an opportunity to be heard. *See M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at \*5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in). *See also Cruz v. Lyons,* No. 5:25-CV-02879-MCS-MBK, 2025 WL 4051129, at \*1 (C.D. Cal. Nov. 6, 2025) (granting TRO ordering release of noncitizen who had been paroled into the United States and was re-arrested at appointment with United States Citizenship and Immigration Services); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at \*1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the familiar *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest. 424 U.S. 319, 335 (1976). *Mathews* is not a bright-line test but rather a flexible test depending on the different circumstances. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022); *see also Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 589 (9th Cir. 1998). Here, the *Mathews* factors tip in favor of Petitioner. *See Aperyan v. Semaia, et al.,* No. 5:26-CV-00699, 2026 WL 874734, at \*4–5 (C.D. Cal. Mar. 27, 2026).

### 1. Private Interest

With respect to the first *Mathews* factor, Petitioner has a substantial liberty interest in maintaining her his out of custody. As this District has

already ruled, "individuals conditionally released from custody, such as noncitizens released pursuant to an alternatives to detention supervision program, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards." *Ruiz v. Semaia, et al.*, No. 5:26-CV-02520-RAO, 2026 WL 1459667, at *2 (C.D. Cal. May 20, 2026). *See Singh v. Janecka*, No. CV 26-1466-AYP, 2026 WL 1334832, at *5 (C.D. Cal. May 8, 2026); *Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026); *Sheng Kun v. Janecka*, No. CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026).

While Petitioner has remained subject to an ATD program, following his release in November 2015, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Garro Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioners' release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

The Petitioner has resided in the United States for about twenty-six years—from 2000 to the present—with the most recent eleven years pursuant to an ATD program before his re-detention. (Dkt. No. 1 at 9.) Noncitizens

acquire a protectable liberty interest when they spend years establishing a life in the interior of the United States, regardless of their citizenship status. *Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. EP-25-CV-470-KC, 2025 WL 3123828, at *3 (W.D. Tex. Nov. 7, 2025). *See Gamez, et al., v. Hernandez et al.*, No. 2:26-CV-01104-BAT, 2026 WL 1382362, at *5 (W.D. Wash. May 18, 2026) (finding a noncitizen having lived in the country for a decade after being released, has a liberty interest). Petitioner works and has resided in the United States for decades. (Dkt. No. 1.)

The Court therefore concludes that the Due Process Clause protects Petitioner's substantial liberty interest in maintaining his freedom from confinement.

### 2. Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the Court finds that "[t]here is an unacceptably high risk that the government would erroneously deprive— or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing." *Cruz*, 2025 WL 4051129, at *4. The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

The record suggests that Petitioner is not a flight risk or danger. Petitioner's initial release from custody "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). "Release reflects a determination by the government that the noncitizen is not a danger to the community or a

flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

Since his release, Petitioner has not given any reason to think that the Government's initial determination was in error. Petitioner has not committed any crimes during his ATD release nor received any warnings, arrests, or formal notice of non-compliance from Intensive Supervision Appearance Program ("ISAP") officials regarding his check-ins. (Dkt. No. 1 at 9.) Based on this record, the Court concludes that there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

### 3. Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously" released noncitizens like Petitioners "without a pre-detention hearing." *Cruz*, 2025 WL 4051129, at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews,* 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from

confinement, there is a significant risk that the Government's lack of constitutionally-adequate procedures has resulted in his unnecessary detention, and the Government's interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process.

## V.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner, Paulino Ayala Arrendondo's (A #: 095-621-855) immediate release, subject to  conditions of supervision that existed prior to his detention on January 19, 2026, along with his personal belongings, including all of his identification, work permits, and other documentation, and preventing his re-detention absent pre-deprivation notice and a constitutionally adequate pre-deprivation hearing at which the Government will bear the burden to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk before Petitioner may be re-detained; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody.

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

Dated: June 9, 2026

_____
HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE

13